UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————

UNITED STATES OF AMERICA

                               **NOTICE OF MOTION**

        vs.                              **21-CR-00031**

JOSEPH BELLA,
                          Defendant.

—————————————————————

      **PLEASE TAKE NOTICE**, that JOSEPH BELLA, by his attorney, THOMAS J. EOANNOU, ESQ., upon the annexed affirmation and all the proceedings and papers heretofore had herein, moves for the following relief:

1. A Bill of Particulars;
2. Discovery;
3. Production of <u>Giglio</u> material;
4. Production of <u>Jencks</u> Material;
5. Identity of Informants;
6. Suppression of Physical Evidence;
7. Identification of Statements;
8. Leave to file additional motions; and
9. Such further relief deemed just and proper by this Court.

**DATED:**    Buffalo, New York, May 7, 2021

                               Respectfully Submitted,

                               /s/ Thomas J. Eoannou

                               THOMAS J. EOANNOU ESQ.
                               Cornell Mansion
                               484 Delaware Avenue
                               Buffalo, New York 14202
                               (716)885-2889 (T)

To:   NICHOLAS T. COOPER, AUSA
       U.S. Attorney's Office
       138 Delaware Avenue
       Buffalo, N.Y.  14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

——————————————————————     **AFFIRMATION**
                                       **21-CR-00031**

UNITED STATES OF AMERICA

         vs.

JOSEPH BELLA,

                     Defendant.

——————————————————————

       **THOMAS J. EOANNOU, ESQ**., an attorney at law, pursuant to 28 U.S.C. §1746(2), declares the following under penalty of perjury:

1.      I represent the defendant, JOSEPH BELLA, in the above-entitled action brought by the United States of America and as such am familiar with the facts and circumstances of the case.

2.      This affirmation has been divided into subheadings in accordance with the relief requested.

3.      The defendant has been charged by indictment with WIRE FRAUD (thirteen counts), in violation of Title 18, U.S.C. § 1343 and 2; MAIL FRAUD, in violation of Title 18, U.S.C. § 1341 and 2; FALSE STATEMENTS ON A LOAN APPLICATION, in violation of Title 18, U.S.C. § 1014 and 2; MONEY LAUNDERING (two counts), in violation of Title 18, U.S.C. § 1957(a) and 2; and FORFEITURE (three counts), in violation of Title 18, U.S.C. § 981(a)(1)(C), Title 28, U.S.C. § 2461(c).

**BILL OF PARTICULARS**

4.     Pursuant to Rule 7(f), of the Federal Rules Criminal Procedure, defendant asserts that he requires the following information in order to adequately prepare a defense and avoid surprise at trial.

5.     With respect to each relevant count of the indictment state:

a) The exact dates of each of the alleged offenses;

b) What conduct and/or statements manifest the alleged intent on behalf of the defendant;

c) What conduct and/or statements manifest the alleged knowledge on behalf of the defendant.

## **DISCOVERY**

6.     The following categories of property are authorized for disclosure either under the literal terms of FRCrP 16 and "are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant", or are otherwise discoverable under other rules, or required to be disclosed in order to protect the constitutional rights of the accused.

7.     The government has already provided the defense with many discoverable items, and this request therefore encompasses those items not previously disclosed.

8.     Any written, recorded, oral or observed statement of the accused not already disclosed, or of uncharged co-defendants or co-conspirators, or attributed to any uncharged co-defendant or co-conspirator, including notes, summaries or memoranda concerning such statements.

9.     Any transcript of testimony relating to the criminal action given by any uncharged defendant or co-conspirator before any grand jury.

10.     Any hearsay evidence intended by the prosecutor to be introduced at trial.

11.     Each and every statement of any co-conspirator which will be relied upon at trial by the Government to demonstrate the requisite existence of the conspiracy charged in the indictment [in connection with an offer of otherwise hearsay testimony under Federal Rule of Evidence 801(d)(2)(E)]. See, Bourjaily v. United States, 483 U.S. 171 (1987).

12.     Since the accused is charged with conspiracy, he should have disclosure of the statements of all uncharged co-defendants and/or co-conspirators.

13.     Although Rule 803 (24) requires advance notice of hearsay statements thought to fall within the "other expectations" exception to the hearsay rule, and in order to avoid confusion, waste of time, and unfairness at trial, advance notice ought to be given of any out of court statements, sought to be introduced at trial against the accused to the extent it is not contained in any of the recorded conversations otherwise disclosed.

14.   Statements of all persons who offer hearsay testimony concerning statements attributed to any alleged conspirator may be offered by the government to establish that a conspiracy existed.  Thus, to enable the accused to address this issue, such information must be disclosed.

<u>Scientific</u>

15.   Any report, whether written or oral, or document, or portion thereof, concerning any physical or mental examination, or scientific test or experiment relating to this case.  [As used herein, "report" includes both written and oral communications; "document" includes reports, "lab notes" or, by any other designation, memoranda, sketches, lists, charts, computations, electromagnetic recordings, videotapes, film, photographs, and the like, whether or not included in whole or part in any "report"; as used herein, "concerning...examination,...test or experiment" includes preparation for, conducting of, immediate results of, and evaluation of such procedures].

16.   It is necessary for the preparation of the defense, with respect to any matter at trial concerning which there is expert opinion testimony, or where there have been physical examinations or tests, to have not only simply a written "report" relating to that examination, but also the immediate "results" and other documentation which was prepared in connection with all such scientific procedures.  This information is absolutely necessary to either prepare for cross examination of scientific witnesses, or to obtain the

1   assistance in advance of trial of appropriate expert witnesses on behalf of the

2   defense.

3   <u>Identification</u>

4   17.   Any visual or audio identification procedures utilized in this case,

5   specifying the procedure, the participants and the circumstances; any visual

6   or audible representation of a person or voice used for identification purposes.

7   <u>Federal Documents</u>

8   18.   All records of information routinely kept by the United States

9   government or any of its agencies or other persons operating on behalf of the

10   United States, or shared with the United States by local bodies of

11   government and their correlative agencies which relate to any person or

12   conduct relevant to the charges in the indictment, including, but not limited

13   to admission, exclusion, waivers, declarations, or parole admission

14   information.

15   19.   All investigative reports or documents prepared by the United States

16   government or local law enforcement agencies relating to the conduct charged

17   in the present indictment or considered by the Grand Jury in bringing the

18   indictment or which are intended for use at trial or to be relied upon at trial

19   in presentation of the case or obtained for use in the examination of the

20   accused or any witness.   This request includes criminal history information

21   related to the accused and any potential witness, and any documents

22   concerning any alleged offenses underlying the indictment.

20.     All police investigative reports, complaints, evidence logs, inter-departmental memos, or other documents maintained by any federal, state or local police or law enforcement agency, not yet disclosed, relevant to any of the actions or conduct referred to in the indictment or considered by the Grand Jury in bringing the within indictment, or which are intended for use at trial or to be relied upon at trial in the presentation of the case or obtained for use in the examination of the accused or any witness.  This request includes criminal history information related to the accused and any potential witness, and any documents concerning any alleged offenses underlying the indictment.

21.     All investigative reports or documents prepared by the United States government or local law enforcement agencies or persons operating on their behalf, not already disclosed, relating to the conduct charged in the present indictment or considered by the Grand Jury in bringing the indictment or which are intended for use at trial or to be relied upon at trial in the presentation of the case or obtained for use in the examination of the accused or any witness.  This request includes criminal history information related to the accused and any potential witness, and any documents concerning any alleged offenses underlying the indictment.

<u>Law Enforcement Documents</u>

22.     Those investigative reports and documents prepared by the United States Government or its agencies, or the Erie County Sheriff's Department

6

and Buffalo Police Department, or other law enforcement agencies, in connection with the current investigation and prosecution would ordinarily be disclosed at the time of trial. However, their early disclosure is necessary for the orderly and meaningful preparation by the accused.

23.    Although, with certain exceptions, Rule 16 literally exempts many such documents from disclosure, and 18 U.S.C. § 3500 merely sets a later time for disclosure of some, neither of these rules have been or can be inflexibly applied, especially where the denial of discovery threatens the fairness of the trial.

<u>Summaries, Logs of Conversations</u>

24.    All monitoring logs, or summaries, or other documents concerning intercepted conversations or observed conversations.

<u>Title III Wiretap, Pen Register, Search Warrant Applications</u>

25.    All applications for visual, electronic or other surveillance, pen registers, search warrants, or any other type of seizure of information from the accused, other targets, or third persons related in any way to the current indictment or the investigation which led up to the indictment.

26.    All information obtained as a result of such surveillance, seizures and any physical property obtained, describing for each where, from whom, when, and under what authority it was obtained as well as the current location of the property or information.

## Surveillance

27.     In order to litigate any issues relating to the enforcement of the constitutional rights of the accused in the investigatory stage of these proceedings, it is necessary for the accused to have all summaries or logs of intercepted conversations, as well as any applications for eavesdrops, search warrants, and pen registers, and the like.

28.     It is necessary for the defendants to be provided with an inventory of exactly what information was obtained as a result of each such surveillance technique.

## Third Party Documents

29.     Any documents, not already disclosed, obtained from any banks, financial institutions, or the like relating in any way to the indictment or the investigation which lead up to the indictment.

30.     Any documents, not already disclosed, obtained from any common carriers whether for packages, information, data, or persons, including telephone records, or the like relating in any way to the indictment or the investigation which lead up to the indictment.

31.     The government and the grand jury may have obtained records from a variety of third party record keepers.  As the collection of that information was or may have been material to the preparation of the case from the government's point of view, its review by the defense is also now required in order to allow the defense to prepare.

1

<u>Other Documents</u>

2

32.     Any other documents, not already disclosed, in the possession, custody

3

or control or with which by the exercise of due diligence could come within

4

the control of the prosecution that were prepared in connection with this case

5

or are intended to be used in the trial of the accused.

6

33.     Rather than requiring the accused to guess about other types of

7

documentary information or evidence which has been collected in connection

8

with this case or which might be material to the preparation of the defense or

9

may be used by the government at trial or which might be favorable to the

10

accused, the government should be required to specify any additional

11

documents in its possession or under its control which relate in any way to

12

the present case so that the discoverability of that information might be

13

evaluated at the present time.

14

<u>Tapes, Photographs</u>

15

34.     Copies of all video or audio tapes made in connection with the

16

investigation which led to the within indictment by any state, local, federal or

17

foreign governmental agency.

18

35.     A precise description of the form and location of the original

19

recordings, and the process by which the current copy was created.

20

36.     Any photographs made in connection with the case.

21

37.     Any charts, graphs, maps or drawings related to the investigation and

22

prosecution of this case.

38.     Rather than requiring the accused to guess about other types of documentary information or evidence which has been collected in connection with this case or which might be material to the preparation of the defense or may be used by the government at trial or which might be favorable to the accused, the government should be required to specify any additional documents or tapes or photographs in its possession or under its control which relate in any way to the present case so that the discoverability of that information might be evaluated at the present time.

<u>Transcripts</u>

39.     Verbatim transcripts of all conversations identified by the government as being relevant to the case.

40.     Verbatim transcripts of all additional conversations identified by any defendant as being relevant in an ex parte proceeding to be conducted at least 30 days after the government supplies the transcripts disclosed under the preceding paragraph.

<u>Physical Evidence</u>

41.     To the extent not yet disclosed, all physical evidence collected or seized in connection with the case, including copies of all property capable of being photocopied or reproduced.  This request includes any seized correspondence. The source and date and time of recovery, as well as the authority under which the property was obtained, must also be disclosed.

42.   The defense has only selective knowledge concerning the physical evidence seized in connection with the case.  To the extent all such evidence has not been disclosed, all physical evidence seized or obtained by any surveillance or evidence gathering technique used by the government ought to be made available for inspection by the accused, and, if subject to reproduction, copies should be provided to the defense.

<u>Witnesses</u>

43.   The accused requests a list of the witnesses intended to be called by the government in the trial of this action, in order to be able to prepare for trial and effectively present a defense.

44.   The conspiracy charged covers many incidents over an extended period of time.   Knowledge of who are the witnesses and a complete bill of particulars will allow the defense to properly prepare for trial and permit some element of fairness in this case.

45.   There is no prejudice to the government in requiring a list of witnesses to be given to the defense.

46.   There is no possibility that supplying the witnesses' names prior to trial will increase the likelihood that the government's witnesses will not appear or will be unwilling to testify.

<u>Discovery with Respect to FRE 403,404(B) and 609</u>

47.   In order to permit defendant to determine whether or not grounds exist for objection, defendant requests that the government be required, in

accord with Fed. R. Crim. P. 12(d), to disclose any evidence intended to be offered at trial that would cause undue surprise or prejudice, evidence of other crimes intended to prove character, or evidence of prior convictions the government intends to use for purposes of impeachment of defendant should he testify.

### Discovery with Respect to FRE 702, 703 and 705

48.    Defendant requests the government provide your deponent with a list of the government's expert witnesses, if any, and the substance of any reports from these witnesses that may be in their possession, as well as written summaries of their anticipated testimony.

### Discovery of any unindicted Co-Conspirator Statements and a Hearing Pursuant to FRE 104

49.    Defendant requests the production of any unindicted co-conspirator statements which the Government intends to introduce at trial since such statements will be attributed to the defendant under FRE §801(d)(2)(E).

50.    Your deponent would also request a hearing pursuant to FRE 104 to determine whether the Government can make a sufficient showing that a conspiracy, as opposed to a mere buyer-seller relationship, existed and that the statements to be introduced are admissible under the co-conspirator hearsay exception.

# GIGLIO MATERIAL

51.    The defendant moves the Court to require the Government to reveal any agreement, concession, or grant of immunity and its terms, whether the same be formally granted or informally granted, by the United States of America to any witness or prospective witness in this case. This motion refers, but is not limited to, the following:

    a.  Full disclosure of all immunity transaction with witness, prospective witnesses, or co-defendants in this case, pursuant to Giglio v. United States, 405 U.S. 105 (1979).

    b.  The text and/or substance of any initial plea bargain, offer, or agreement of leniency, in return for cooperation made prior to the indictment of defendant or co-defendant between the government of the United States or any state, and any person who is co-defendant, informant, witness, or participant in any act alleged in the indictment or any previous or current investigation conducted by any law enforcement agency or agencies upon any person or persons which might affect:

        i.  The charges, state or federal which might be brought against said unknown witness;

        ii.  The charges, state or federal, which might be brought against any member of said unknown witness, family, including in laws or relations by previous marriages;

   iii. The degree of cooperation required of the said unknown witness to assist the government beyond the limits of the subject matter of this indictment to provide information of other criminal activities;

c. The text and/or substance of any plea bargain or offer or agreement of leniency in return for cooperation made after the indictment of Defendant or co-defendant between the government of the United States or any state and any person who is informant, witness to or a participant in any act alleged in the indictment or any previous or current investigation conducted by any law enforcement agency or agencies upon any person which might affect:

   i. The charges, state or federal, which might be brought against said unknown witness;

   ii. The charges, state or federal, which might be brought against any member of said unknown witness, family, including inlaws or relations by previous marriages;

   iii. The degree of cooperation required of the said unknown witness to assist the government beyond the limits of the subject matter of this indictment to provide information of other criminal activities;

d. Any and all grants of immunity from prosecution of the terms and conditions of any agreements to dismiss, reduce charges, or not bring charges against an alleged co-conspirator or codefendant, or anyone else involved in the investigation which preceded this investigation who could have been a coconspirator or co-defendant, including any confidential informant, if in writing, and, if not in writing, any memorandum or any oral agreement concerning same as regards this case of the initial investigation which gave rise to this investigation and indictment.

e. All evidence or other information in the possession of the United States of America which arguably reflects adversely on the credibility of any prosecution witness, including, but not limited to, mental and physical examination and reports thereof.

f. Evidence obtained from or relating to any government informant which is arguably exculpatory in nature, pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

g. All other information known by or available to the prosecuting attorney or any other law enforcement agency connected with the investigation in this case which is arguably exculpatory in nature, Id. Under the 1995 United States Supreme Court case, Kyles v. Whitley, the prosecutor has an affirmative duty to seek

out exculpatory evidence, even if it is being concealed by law enforcement. 373 U.S. 83 (1995). Thus, this motion includes a request that the prosecutor order a review of the relevant Federal Bureau of Investigation field office's I-drive and any other FBI or other relevant law enforcement agency's temporary records storage drive for potential Brady material, and provide this discovery to Defendant. Furthermore, under <u>Brady</u> and its progeny, prosecutors are not supposed to decide what is, or is not, material and exculpatory, if in doubt, that decision must be made by a judge. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

h. Further, Defendant respectfully requests that the Court's order in connection herewith be a continuing order which shall persist throughout and until the conclusion of the trial on the merits in this case or thereafter during any appellate process if such should be the case.

i. The Defendant requests that this Court issue an order requiring the Government to reveal any agreement, concession, or grant of immunity, whether formally or informally granted, by the United States to any witness or potential witness in this case. The Defendant also requests that the terms of any agreement, concession, or grant of immunity be revealed as well.

52.    The disclosure of the requested information falls within the ambit of the Supreme Court case <u>Giglio v. United States</u>, 405 U.S. 150 (1972). The progeny of <u>Giglio</u> have extended its holding to require disclosure of all forms of impeaching evidence affecting the credibility of a witness, which would include the fact that a witness made an agreement or concession with the Government, or was granted immunity by the Government. <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985).

53.    When the reliability of a given witness may well be determinative of guilt or innocence, non-disclosure of evidence affecting credibility falls within the general rule requiring disclosure of such beneficial treatment of witnesses.  <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

54.    Where the government fails to disclose evidence of any understanding or agreement as to future prosecution of a key government witness, due process may

require reversal of the conviction. <u>Haber v. Wainwright</u>, 756 F.2d 1520 (11th Cir. 1985) <u>citing</u> <u>Giglio</u>, 405 U.S. 150; <u>Napue</u>, 360 U.S. 264; <u>Smith v. Kemp</u>, 715 F.2d

1459 (11th Cir.), <u>cert</u>. <u>denied</u>, 464 U.S. 1003 (1983); <u>Williams v. Brown</u>, 609 F.2d

216 (5th Cir. 1980).

55.    The government has a duty to disclose such understandings for they directly affect the credibility of the witness. Id. <u>See</u> <u>also</u> <u>United States v.</u>

<u>Irwin</u>, 661 F.2d 1063 (5th Cir. 1981), <u>cert</u>. <u>denied</u>, 456 U.S. 907 (1982)(stating that the duty of disclosure applies even where evidence relates only to credibility of the key government witness). This duty of disclosure is even more important where the witness provides the key testimony against the accused. <u>Id</u>. (citing <u>Giglio</u>, 405 U.S. 150).

56.     This evidence allows the defendant to impeach the witness because the agreement directly bears on the witness' motive or bias in testifying for the government.   <u>Giglio</u>, did not speak in terms of the government's duty to disclose only "bona fide enforceable grants of immunity."   <u>Id</u>. Its reach extends to "any understanding[s] or agreement[s]." <u>Haber</u>, 756 F.2d 1520. (emphasis in original). Even mere "advice" by a prosecutor concerning the future prosecution of a key government witness may fall into the category of discoverable evidence since it could constitute an informal understanding which could directly affect the witness' credibility before the jury. Id. In <u>Haber v. Wainwright</u>, 756 F.2d 1520, there arguably was an understanding that the witness would not be prosecuted for a number of prior crimes. The court held that this would inherently affect the credibility of the witness and the defendant was entitled to know about the agreement.

57.     In <u>United States v. Gaev</u>, 24 F.3d 473 (3d Cir. 1994), the court stated that when a co-conspirator appears as a witness and testifies that he took part in the crime with which the defendant is charged, his credibility will automatically be

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

implicated. The court further opined: Questions will arise in the minds of the jurors whether the co-conspirator is being prosecuted, why he is testifying, and what he may be getting in return. If jurors know the terms of the plea agreement, these questions will be set to rest and they will be able to evaluate the declarant's motives and credibility. Gaev, 24 F.3d at 477.

58.     In Campbell v. Reed, 594 F.2d 4 (4th Cir. 1979), the court held that a tentative promise of leniency might be interpreted by a witness as contingent upon the nature of his testimony. "Thus, there would be a greater incentive for the witness to try to make his testimony pleasing to the prosecutor." Campbell, 594 F.2d 4. See also United States v. Sudikoff, 36 F.Supp. 2d 1196 (U.S. Dist. Ct. Ctrl. Dist. Cal. 1999)(where the court determined that evidence that weakens the credibility of the prosecution witness has long been considered Brady material (citing Thomas v. United States, 343 F.2d 49 (9th Cir. 1965)) and thus, evidence that would show bias, motive to lie or exaggerate, or dishonesty of the witness is within the scope of Brady).

59.     In Giglio, 405 U.S. 150 (1972), the Supreme Court found a Brady-type due process violation by the government's suppression of evidence of a leniency agreement with an accomplice witness. Specifically, the Supreme Court stated that the accomplice witness' "credibility as a witness was . . . an important issue in the case, and evidence of understanding or agreement as to a future prosecution would be relevant to his credibility and the jury was

entitled to know of it." Thus, the suppression by the Government of such evidence violated due process. <u>Giglio</u>, 405 U.S. 150.

60.    For the foregoing reasons the Defendant is entitled to have revealed to him by the prosecution any agreement, concession, or grant of immunity given to any witness or potential witness in this case.

## **EARLY DISCLOSURE OF JENCKS ACT MATERIAL**

61.    The defendant moves for the entry of an Order of this Court for the government to provide him with all statements and reports within meaning of the Jencks Act, 18 U.S.C. § 3500, not less than forty-eight hours prior to the trial in this case.

62.    In the interests of judicial economy in avoiding the inevitable delay associated with delayed production of Jencks Act material until after a government witness testifies and in order to avoid jury confusion that necessarily results from such delay, the defendant asks that the Court direct the government to turn Jencks Act material over to the defense prior to trial. Although the provisions of the Jencks Act dictate that such material should be turned over after the witness has testified, the preference for later disclosure was promulgated to protect the witness from harassment, a threat that is not present in this case. Furthermore, due to the complexity of this case it is in the best interest of justice to have the documents turned over prior to trial.

63.   Due to the complex nature of this case, early disclosure of Jencks Act material is warranted. Only by early review of the Jencks Act material will the defense be able to properly put forth a clear and concise case, avoiding the inevitable delays that come with turning over the material after the witness has testified. Furthermore, the time considerations of reviewing such material during the trial will necessarily prevent the defense from fully reviewing and evaluating the material disclosed. Given this, due process, as well as effective assistance of counsel concerns dictate that the material should be turned over to the defense pretrial.

64.   The Jencks Act itself, as noted by the Third Circuit's decision in Holmes, requires ample time to prepare using the materials. Holmes, Supra at 41. Without adequate preparation time the right of the defendant to have this information disclosed is worthless. The value of this information to the defense is directly tied to the amount of time that the defense has to evaluate the material and prepare for trial. Furthermore, the lack of any threat of witness harassment or the need for witness protection, the underlying rational for the rule against early disclosure, supports this motion for early disclosure.

65.   Based on these considerations, in addition to the case law set forth above, the defendant respectfully requests that this Court grant this motion for early disclosure of Jencks Act materials.

## **IDENTITY OF INFORMANTS**

66.    In order to prepare an adequate defense it is necessary that informant identities be revealed so that counsel may attempt to interview them and otherwise investigate their allegations, biases, and benefits derived from cooperating with the government.

67.    It is therefore requested that the Court compel the government to disclose the identity of any informants used in the investigation.

## **SUPRESSION OF PHYSICAL EVIDENCE**

68.    The defendant previously moved under Superseding Indictment Number 20-cr-104 to suppress any evidence or derivative evidence that resulted from the search and seizure of his residence, place of business, and person on or about April 23, 2020, and thereafter.

69.    The defendant renews said motion herewith on the grounds set forth in the previously filed motion and, to the extent any derivative evidence sought to be used in the instant prosecution was seized in violation of his rights under the Fourth Amendment, reserves his right to seek suppression of the same and prohibit its introduction and use at trial.

70.    The undersigned respectfully requests disclosure of any subsequent search warrant applications and any supporting information, as well as in-camera review of the same in light of the allegations set forth above.

71.    Any fruits of the aforementioned search the government seeks to introduce as evidence at trial in this matter should be suppressed, as should

any derivative evidence that resulted the search as "fruit of the poisonous tree." *See* United States v. Wong Sun, 371 U.S. 471, 487 (1963).

72.    In the alternative, the defendant respectfully renews his request for a hearing to resolve any factual disputes regarding the search and seizure, pursuant to Mapp v. Ohio, 367 US 643 (1961).

## DISCLOSURE OF STATEMENTS

73.    At this time, it is not clear what, if any, statements allegedly made by the defendant were to law enforcement, and which, if any, the government will seek to offer against him at trial.  It is requested that the government disclose any such statements along with their intentions to introduce the same.

74.    The defendant further seeks leave to move the Court at a future date for a hearing on the admissibility of any such statements identified by the Government.

## LEAVE TO MAKE FURTHER MOTIONS

75.    Defendant reserves the right to make further motions as the factors and evidence emerge through requested disclosure.


**WHEREFORE**, the defendant respectfully requests that the Court issue an ORDER granting the foregoing requested relief.

**DATED:**    Buffalo, New York, May 7, 2021

Respectfully Submitted,

/s/ Thomas J. Eoannou

THOMAS J. EOANNOU ESQ.
Cornell Mansion
484 Delaware Avenue
Buffalo, New York 14202
(716)885-2889 (T)

To:   NICHOLAS T. COOPER, AUSA
      U.S. Attorney's Office
      138 Delaware Avenue
      Buffalo, N.Y.  14202