IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                          21-CR-31-RJA-MJR

JOSEPH BELLA,

                    Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS AND GOVERNMENT'S CROSS-MOTION FOR DISCOVERY

**THE UNITED STATES OF AMERICA**, by and through its attorneys, James P. Kennedy, Jr., United States attorney for the Western District of New York, Nicholas T. Cooper, Assistant United States Attorney, of counsel, hereby files its response to the defendant's pretrial motion seeking various forms of relief. Dkt. 8.

## PRELIMINARY STATEMENT

The defendant is charged by indictment with seventeen (17) counts related to violations of Title 18, United States Code, Sections 1014, 1957(a), 1341, 1343, and 2. On March 2, 2021, the defendant was arraigned on the Indictment. Substantial voluntary discovery has been provided. Additionally, the defendant has been provided notice pursuant to Rule 12(b)(4) that the government intends to use all items that the defendant has been provided with, or that he has been made aware of, or that we have made available for disclosure, as such evidence shall be used by the government against the defendant at trial in

its case in chief. The government acknowledges its continuing obligation to provide discovery materials as such items become available.

## **FACTUAL BACKGROUND**

In late-March and early-April of 2020, Homeland Security Investigations began investigating Joseph Bella for possible involvement in a scam involving Covid-19 Test Kits. The investigation uncovered that the defendant procured those Covid-19 Test Kits by making fraudulent misrepresentations to the manufacturer about the nature of his business and his plans for the tests once he obtained them. During this scheme to defraud both the manufacturer of the Covid-19 Test Kits and the prospective purchaser of the Covid-19 Test Kits, the defendant made multiple wire communications in furtherance of the scheme. The details of the Wire Fraud and Mail Fraud related to this scheme are spelled out in Counts 1-4 of Indictment 21-CR-31-A.

During the one-month investigation, law enforcement obtained evidence, including recordings of the defendant speaking to an undercover law enforcement agent, that the defendant was making fraudulent misrepresentations about himself, his business, the Covid-19 Test Kits he was making available for sale, and the type of support he would be able to provide. The details of the Wire Fraud related to this scheme are spelled out in Counts 5-12 of Indictment 21-CR-31-A.

In July 2020, the Defendant devised a scheme to defraud the Small Business Administration (SBA) by applying for an Economic Injury Disaster Loan for his company

BuyMyCard and misrepresenting the revenue and expenses of the company and his own criminal history on the application for the loan. The defendant ultimately received $149,900 from the SBA, which he then disbursed into different bank accounts. These schemes are detailed in Counts 13 through 17 of Indictment 21-CR-31-A.

## ARGUMENT

### I.  THE DEFENDANT'S VARIOUS REQUESTS RELATED TO THE SEARCH AND SEIZURE AT 155 SUMMER STREET, 224 SUMMMER STREET, AND OF THE 37 ELECTRONIC DEVICES SHOULD BE DENIED

The defendant moves to suppress the evidence seized as a result of search warrants issued for and executed at 224 Summer Street and 155 Summer Street, and for the 37 electronic devices seized during the execution of those premises warrants, as the warrants "were not properly issued", "were based upon insufficient grounds that did not satisfy the probable cause", "were based upon confidential sources that provided stale, hearsay, and incredible information dating back to 2016", "were constitutionally overbroad", and "were based upon inaccurate information."Dkt. 8 ¶¶ 68-72, see also 20-CR-104-A, Dkt 23 ¶¶ 73-79, Dkt. 27 ¶¶ 4-13 and Dkt. 42 ¶¶ 68-83. The government responded to this motion, addressing the same searches, in 20-CR-104-A, in its Response to the Defendant's Omnibus Motion (20-CR-104-A Dkt. 27 pgs. 3-13), in its Response to the Defendant's Second Motion to Suppress (20-CR-104-A Dkt. 29) and in its Response in Opposition of the Defendant's Motion (20-CR-104-A Dkt. 43). The government incorporates by reference those previous arguments in opposition of the defendant's motion to suppress.

The defendant also requests any "additional search warrant applications and any supporting information." Dkt. 8 ¶ 70. The government has already disclosed to the defendant the search warrant for his Facebook account. In accordance with the Court's scheduling order for discovery, Search Warrant 20-MJ-5077, and the corresponding Affidavit in support of that Search Warrant were provided to the defendant on March 23, 2021.

## II.    DEFENDANT'S MOTION FOR A BILL OF PARTICULARS SHOULD BE DENIED

The defendant is the only person charged in this case, and all discovery provided relates directly to him and the conduct charged in this case.  Accordingly, there is no basis for the Court to grant the defendant's request for a bill of particulars.  The defendant merely needs to review the discovery provided to be prepared for trial.

An indictment need only set forth a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). The purpose of a bill of particulars is merely to "inform a defendant of charges with sufficient precision to allow preparation of a defense, to avoid unfair surprise, and to preclude double jeopardy" when the indictment is too vague to serve this purpose. United States v. GAF Corp., 928 F.2d 1253, 1260 (2d Cir.1991).  A bill of particulars should not be used to conduct discovery of the government's theory of a case, to force detailed disclosure of acts underlying a charge, or to restrict the Government's proof at trial. United States v. Salazar, 485 F.2d 1272, 1273 (2d Cir. 1973). When specific information that a defendant claims should be revealed in a bill of particulars is available to a defendant through other means, such as through Rule 16 discovery, a motion for a bill of particulars should be denied.  United States v. Bortnovsky,

820 F.2d 572, 574 (2nd Cir. 1987).  The prosecution is not required to particularize all of its evidence.  United States v. Gottlieb, 493 F.2d 987 (2d Cir. 1974).  Here, the defendant's motion for a bill of particulars should be denied because the defendant is simply seeking a preview of the government's evidence.  The specific allegations contained in the indictment, coupled with the discovery previously provided, and other information readily available to the defendant, more than adequately apprises the defendant of the nature of the charges pending against him, thereby enabling him to prepare for trial. The indictment in this case breaks down the conduct the defendant is accused of in fine detail, including charts describing specifically which communications constitute each individual count.

It is well-settled that a bill of particulars "should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (a bill of particulars not required where the defendant was provided a wealth of discovery).  A bill of particulars may not be used to compel the government to provide the defendant with "evidentiary detail" about its case, as plainly is sought here.  Torres, 901 F.2d at 234; see also United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991) (holding that bill of particulars was not required to identify the specific activities by which defendant furthered conspiracy, which is precisely the defendant here is requesting).  "A bill of particulars is not a general investigative tool, a discovery device, or a means to compel the government to disclose evidence or witnesses to be offered prior to trial."  United States v. Gibson, 175 F.Supp.2d 532, 537 (S.D.N.Y. 2001). Additionally, "because a bill of particulars confines the government's proof to the particulars furnished, a court should not grant a bill of particulars where, as here, the consequence of

granting the request would be to unduly restrict the government's ability to present its case." Id.

Similarly, a bill of particulars may not be used to compel the government to disclose the manner in which it will prove the charges, the precise manner in which the defendants committed the crimes charged, or to preview the evidence or legal theory of its case.  See United States v. Sattar, 272 F.Supp.2d 348, 375 (S.D.N.Y. 2003); see also United States v. Mitlof, 165 F.Supp.2d 558, 569 (S.D.N.Y. 2001); United States v. Perez, 940 F.Supp. 540, 550 (S.D.N.Y. 1996); United States v. Facciola, 753 F. Supp. 449, 451 (S.D.N.Y. 1990); United States v. Taylor, 707 F. Supp. 696, 699 (S.D.N.Y. 1989); United States v. Biaggi, 675 F. Supp. 790, 809 (S.D.N.Y. 1987).  "An application for a bill of particulars seeking, as is the case here, to obtain evidence *must be* rejected." Facciola, 753 F. Supp. at 451 (emphasis supplied).  The standard to be applied to the information sought is not whether it is helpful to the defense, but whether it is *necessary*.  See United States v. Love, 859 F. Supp. 725, 738 (S.D.N.Y. 1994), aff'd sub nom., United States v. Roberts, 41 F.3d 1501 (2d Cir. 1994) (emphasis supplied).  The defendant has failed to establish necessity for a bill of particulars. In addition to the Indictment, the defendant has been provided voluminous discovery, a good portion of which is technically beyond the scope of Rule 16; including, but not limited to, recordings of the defendant negotiating the sale of the Covid-19 Test Kits, transcripts of said recordings, copies of contracts and other documents related to the defendant's acquisition of the Covid-19 Test Kits, thousands of pages of bank records and other records and documents from the defendant and the defendant's businesses, documents surrounding the defendant's applications for EIDL loans from the Small Business Administration, copies of Facebook

posts and email transmissions regarding the ongoing fraudulent schemes to acquire and sell the Covid-19 Test Kits, numerous Reports on Investigation detailing the investigative process, reports documenting the defendant's statements to law enforcement; reports documenting the evidence seized and a narrative of the events that transpired; photos of the search warrant executed at his residence and his business and of the items seized; a copy of the search warrants for his residence and business and for electronic devices seized; lab reports regarding testing of evidence; phone records; utility information, and other items.  Moreover, during the course of a lengthy detention hearing on the defendant's other pending case, 20-CR-104-A, the government made an extensive and detailed proffer regarding the defendant's criminal activity charged in the instant case and a copy of the transcript is available. Furthermore, the government will be filing, in advance of trial consistent with the timing of the Court's pre-trial order, a witness list with a summary of the witness's anticipated testimony, an expert witness list with a summary of the witness's anticipated testimony, a pre-trial memorandum addressing anticipated legal issues that may arise during trial, an exhibit list, and an itemized list of 3500 material.  In summary, when the details of the Indictment are viewed in context with all other information that has been provided, made available, is publicly available, and will be provided pre-trial, there can be no plausible claim that a bill of particulars is necessary because the defendant is unable to prepare for trial. See United States v. Walsh, 194 F.3d 37, 44-47(2d Cir. 1999) (affirming trial court's denial of a bill of particulars where the indictment gave the defendant adequate notice of the charges against him, allowed him to prepare a defense and protected him from double jeopardy).

The defendant offers no specific facts or controlling legal authority to justify a finding

that further particularization is necessary in this case to prevent unfair surprise or to preclude a later prosecution barred by double jeopardy. The defendant submits, in conclusory terms, that a bill of particulars is necessary to adequately prepare a defense and to avoid surprise at trial. (See Dkt. 8 at ¶ 4-5.) However, the defendant's claims do not rise to the level of demonstrating necessity. Given the defendant's failure to demonstrate necessity, coupled with the lengthy and detailed indictment, and the itemized disclosures and information previously provided and made available, a bill of particulars is wholly unnecessary. The local rules in the Western District of New York are structured to provide the defendant with vast detail regarding the allegations against him and the government's proof through extensive pre-trial submissions, detailed witness lists, and the early disclosure (in accordance with the scheduling order) of Jencks and 3500 material.

### III. THE DEFENDANT'S DISCOVERY REQUESTS SHOULD BE DENIED, AND THE GOVERNMENT IS AWARE OF IT'S CONTINUING OBLIGATION TO PROVIDE RULE 16 DISCOVERY

As the defendant acknowledges, the government has already provided the defendant with "many discoverable items." (See Dkt 8 at ¶ 7.) In Federal Court, "pre-trial discovery in criminal cases is strictly circumscribed." United States v. Nelson, 606 F. Supp. 1378, 1389 (S.D.N.Y. 1985). The limits of such discovery are delineated in Federal Rule of Criminal Procedure 16, "which by its terms governs discovery in criminal cases." United States v. Armstrong, 517 U.S. 456, 461 (1996).

Rule 16(a)(1) provides, in relevant part, that the government must disclose:

> (A)     Defendant's Oral Statement . . . if the government intends to use the statement at trial.

(B)   Defendant's Written or Recorded Statement . . . .
(C)   Defendant's Prior Record . . .
(D)   Documents and Objects . . .
(E)   Reports of Examinations and Tests...[and]
(F)   Expert Testimony.

Rule 16 specifically excludes certain items from discovery.  According to Rule 16(a)(2) and (a)(3), information not subject to disclosure or inspection includes "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case;" . . . "statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500;" and "discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2."

In the instant case, the government represents that it has provided all discovery required under Rule 16 or has made such discovery available to inspection by defense counsel. The government is aware of its obligation to provide continuing Rule 16 discovery if and when such becomes known to the government and agrees to comply with this requirement.

Here, the defendant seeks additional discovery beyond the scope of Rule 16, and his requests should be denied.  Specifically, the defendant's requests beyond the parameters of Rule 16 include:

- "Any written, recorded, oral or observed statement […] of uncharged co-defendants or co-conspirators, or attributed to any uncharged co-defendant or co-conspirator, including notes, summaries or memoranda concerning such statements."  (See Dkt 23 and Dkt 42 at ¶8.)  Rule 16 does require the requested disclosure, and Title 18, United States Code, 3500 provides that witness statements are not required to

be produced until after a witness testifies upon direct examination at trial.

- "Any transcript of testimony relating to the criminal action given by any uncharged defendant or co-conspirator before any grand jury[,]" and "[E]ach and every statement of any co-conspirator which will be relied upon at trial by the Government to demonstrate the requisite existence of the conspiracy charged in the indictment [in connection with an offer of otherwise hearsay testimony under Federal Rule of Evidence 801(d)(2)(E)]." (See Dkt 23 and Dkt 42 at ¶¶ 9, 11.) Rule 16 only requires disclosure of the defendant's Grand Jury testimony, and the defendant has not testified before the Grand Jury. Title 18, United States Code, 3500 provides that witness statements are not required to be produced until after a witness testifies upon direct examination at trial. There is no conspiracy charged in the first indictment or the Superseding Indictment.

- "Any hearsay evidence intended by the prosecutor to be introduced at trial." (See Dkt 23 and Dkt 42 at ¶10; see also Id. at ¶¶ 13-14.) Rule 16 does not require disclosure of hearsay evidence, and only Rule 807 hearsay requires pre-trial notice, which will be provided, if applicable, when the government files its pre-trial motions in limine as directed pursuant to the District Court's pre-trial scheduling order.

- "[As used herein, "report" includes both written and oral communications; "document" includes reports, "lab notes" or, by any other designation, memoranda, sketches, lists, charts, computations, electromagnetic recordings, videotapes, film, photographs, and the like, whether or not included in whole or part in any "report"; as used herein, "concerning...examination,...test or experiment" includes preparation for, conducting of, immediate results of, and evaluation of such procedures]." (See Dkt 23 and Dkt 42 at ¶ 15.) The defendant's definition of what constitutes a "lab report" within the meaning of Rule 16(a)(1)(F) is seemingly made up and beyond the scope of the rule. Lab bench notes will be provided with Jencks material consistent with the timing of expert summaries and the District Court's standard pre-trial order.

Similarly, the entirety of the defendant's requests under the sub-headings "federal documents," and "law enforcement documents," are beyond the scope of Rule 16. See Rule 16(a)(2) and (a)(3). Moreover, there were no identification procedures utilized regarding the charges contained in the Superseding Indictment (no lineups, photo array, or voice

identifications, etc.), and any confirmatory identifications by people who know the defendant well are not subject to evidentiary hearings.   Watkins v. Sowders, 449 U.S. 341, 347-349 (1981); see also United States v. Baccollo, 725 F.2d 170 (2d Cir. 1983).   Additionally, there were no Title IIIs utilized in this case, so the defendant's request for wiretaps and related discovery is moot.   Defense counsel states "since the defendant is charged with conspiracy…disclosure of all statements of uncharged co-conspirators." Dkt 8 at ¶ 12. The defendant is not charged with conspiracy and that request is moot. Moreover, FRE 801(d)(2)(E) does not provide for pre-trial disclosure of co-conspirator statements. Furthermore, all physical evidence has been disclosed in report form and in photographic format and is also available for inspection upon request.   Any subpoenaed records the government receives and decides to introduce at trial will be provided pursuant to the government's continuing obligations to provide discovery.  Finally, the defendant's requests for witness names, identifiers, and statements are plainly beyond the scope of Rule 16 and should be denied.

## IV.   DEFENDANT'S REQUEST FOR DISCLOSURE OF EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 403, 404(B), AND 609 IS PREMATURE

The defendant moves for pretrial disclosure of any evidence the government intends to introduce at trial pursuant to Rules 403, 404(b), 608 and 609 of the Federal Rules of Evidence.  Dkt. 8 at ¶ 47.

Rule 404(b) of the Federal Rules of Evidence requires the government to provide "reasonable notice in advance of trial" of the "general nature" of prior uncharged crimes that

the government intends to use at trial.  No set timetable for notice is required, and evidence the government may seek to offer at trial often changes as the proof unfolds or as possible defenses are revealed at trial.   United States v. Aguirre-Parra, 763 F. Supp. 1208, 1217 (S.D.N.Y. 1991).  Furthermore, the reasonableness of Rule 404(b) notice is determined by the particular circumstances of the case.   United States v. Falkowitz, 214 F. Supp. 2d 365, 393 (S.D.N.Y. 2002) (permitting disclosure of Rule 404(b) evidence two weeks before trial, "as is typically considered sufficient in this Circuit").

In this case, the defendant has not advanced any concrete reason for early disclosure of Rule 404(b) evidence, see Falkowitz, 214 F. Supp. 2d at 393, but the government will disclose this type of evidence, if any, at the defendant's request to streamline trial preparations and the disposition of his pre-trial motions.   The government will continue to disclose evidence in its possession which might fall within the ambit of Rules 404(b), 607, 608, and 609, and will provide notice of its intention to rely upon such evidence at the time it is ordered to do so by the trial court.   Nevertheless, the government notes that it has no obligation to provide a defendant with any information that could be used to impeach him pursuant to Rule 608, should he elect to testify.  See United States v. Livoti, 8 F. Supp. 2d 246, 250 (S.D.N.Y. 1998); see also United States v. Song, 1995 WL 736872, *7 (S.D.N.Y. Dec. 13, 1995) ("Rules 608 and 609 do not require the government to produce notice of impeachment evidence."); United States v. Comer, 1996 WL 492704, *1 (N.D.N.Y. Aug. 23, 1996) (premature to disclose impeachment evidence until witnesses testify).

Furthermore, the government preliminarily notifies the defendant that it intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct, acts or wrongs for the purpose of showing proof of a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident.  This notice is only preliminary in nature and is not intended to foreclose the government from relying on other Rule 404(b) evidence should it deem the introduction of such evidence appropriate at before or during trial.  The government will provide the defendant with more definitive notice of its intent to rely on 404(b) evidence when directed by the trial judge, or during trial, if the trial judge excuses pre-trial notice on the showing of good cause.   In accordance with usual administrative practices of the trial court, issues relating to the admissibility and use of such evidence should be resolved by the trial judge at the time of pretrial conference in this case.

## V.      THE GOVERNMENT IS IN CONTINUING COMPLIANCE WITH ITS BRADY AND GIGLIO OBLIGATIONS

The government acknowledges its affirmative continuing duty to provide a defendant with exculpatory evidence, under the authority of Brady v. Maryland, 373 U.S. 83 (1963), as well as evidence that the defense might use to impeach the government's witnesses at trial. See United States v. Bagley, 473 U.S. 667 (1985); Giglio v. United States, 405 U.S. 150 (1972).

Pursuant to Brady and its progeny, the government is under an affirmative duty to provide a defendant with exculpatory evidence, as well as evidence that the defense might use to impeach the government's witnesses at trial.  See United States v. Bagley, 473 U.S. 667 (1985); Giglio v. United States, 405 U.S. 150 (1972).  The government is fully aware of its

obligations and responsibilities under <u>Brady</u> and acknowledges its continuing duty under <u>Brady</u> to produce such material.

However, <u>Brady</u> does not create a constitutional right of pretrial discovery in a criminal proceeding and it does not require that the prosecution reveal before trial the names of witnesses. <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977); <u>see also</u> <u>Lucas v. Regan</u>, 503 F.2d 1, 3 (2d Cir. 1974), cert. denied, 420 U.S. 939 (1975) ("[n]either <u>Brady</u> nor any other case we know of requires that disclosures under <u>Brady</u> must be made before trial"); <u>United States v. Shaker</u>, 543 F. Supp. 1059, 1061 (S.D.N.Y. 1982) ("<u>Brady</u> does not entitle a defendant to a general right of pre-trial discovery."). The <u>Brady</u> doctrine does not cover many of the requests made by the defendant. For instance, evidence which is not exculpatory, but relevant for the purposes of impeachment, must be produced to the defense, but need not be turned over in advance of trial. <u>United States v. Nixon</u>, 418 U.S. 683, 701 (1974); <u>United States v. Coppa</u>, 267 F.3d 132, 145-46 (2d Cir. 2001). It does not require the disclosure of evidence affecting the credibility of prosecution witnesses prior to such time as it would otherwise become available under the discovery rules or the Jencks Act. <u>See</u> <u>United States v. Dotel</u>, 1994 WL 25787, at *3 (S.D.N.Y. Jan. 21, 1994) (<u>Brady</u> impeachment material as to government's witnesses – i.e., <u>Giglio</u> material – is properly disclosed when the witness testifies at trial); <u>United States v. Feldman</u>, 731 F. Supp. 1189, 1200 (S.D.N.Y. 1990); <u>United States v. Victor Teicher & Co.</u>, 726 F. Supp. 1424, 1442-43 (S.D.N.Y. 1989). Impeachment material is normally disclosed at the same time as Jencks Act material – after the government witness has testified on direct examination. <u>See</u> 18 U.S.C. § 3500(B); <u>Coppa</u>, 267 F.3d at 145-46.

Further, Brady does "not require the government to do defense counsel's pretrial preparation, nor develop defense strategy, nor does it require the government to point out the obvious." United States v. Larson, 567 F. Supp. 500, 503 (S.D.N.Y. 1983); see also United States v. Ruggerio, 472 F.2d 599, 604 (2d Cir. 1973) ("The purpose of the Brady rule is not to provide a defendant with a complete disclosure of all evidence in the government's file which might conceivably assist him in the preparation of his defense, but to assure that he will not be denied access to exculpatory evidence known to the government but unknown to him.").

Furthermore, the government will provide Giglio material, i.e., promises of leniency or immunity agreements with government witnesses, plea and/or non-prosecution agreements and letters or memorandum of understanding regarding such, criminal arrest records of all prosecution witnesses, immoral, vicious or criminal acts committed by witnesses, prior inconsistent statements, any payments to witnesses or family members thereof, and all other promises or considerations given by government personnel to government witnesses or family members thereof, in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the Jencks Act material in this case. Courts have routinely held that a prosecutor's compliance with the disclosure of material under the Jencks Act is timely disclosure under Brady. See United States v. Martino, 648 F.2d 367, 384 (5th Cir. 1981) ("When alleged Brady material is contained in Jencks Act material, disclosure is generally timely if the government complies with the Jencks Act." (citation omitted)); United States v. Anderson, 574 F.2d 1347, 1352 (5th Cir. 1978) (same); United States v. Persico, 621 F. Supp. 842, 870 n.3 (S.D.N.Y. 1985) (same).

Therefore, the Court should find that the government is in compliance with its <u>Brady</u> and <u>Giglio</u> obligations and deny the defendant's motion.

## VI.   DEFENDANT IS NOT ENTITLED TO PREMATURE DISCLOSURE OF JENCKS ACT MATERIAL OR TO ALL STATEMENTS HE SEEKS

The defendant acknowledges that he is entitled by statute to witness statements only <u>after</u> a witness has completed testimony on direct examination. Nevertheless, the defendant moves for early disclosure of <u>Jencks</u> materials. The <u>Jencks</u> Act requires the government to produce any prior statements of a witness that relates to the subject matter of the witness's testimony and that are in the government's possession, <u>after</u> the direct examination of the witness. 18 U.S.C. § 3500. As the defendant and the Court are aware, it is the trial court's practice to set a pretrial scheduling order. That practice should be followed in this case because the defendant has failed to make any showing of good cause for the extraordinary, expedited relief that he seeks. <u>See</u> <u>United States v. Coppa</u>, 267 F.3d 132 (2d Cir. 2001). The government will endeavor to provide <u>Jencks</u> before it will be required to be produced by law, subject to an agreement or a protective order. Nonetheless, the United States agrees to provide witness statements required by 18 U.S.C. § 3500 at the time set by the trial court pursuant to its usual practice. <u>See</u> <u>United States v. Coppa</u>, 267 F.3d 132, 145-46 (2d Cir. 2001). However, the government reserves the right to withhold witness statements until a witness has completed direct testimony where production of the witness' statement prior to trial would expose the witness to retaliation or danger to the witness or his family. This pertains only to witnesses who are expected to testify at trial. <u>See</u> § 3500(a).

## VII.   THE DEFENDANT'S MOTION FOR DISCLOSURE OF INFORMANT INFORMATION SHOULD BE DENIED

The defendant's motion for the early disclosure of the names and files of the government's informant(s) should be denied.  See Dkt. 8 at ¶ 66-67.

The law rightly recognizes a privilege to withhold the identities and backgrounds of confidential informants because "it recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation."  Roviaro v. United States, 353 U.S. 53, 59 (1957).  The defendant bears the burden of making "a specific showing that disclosure was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case."  United States v. Bejasa, 904 F.2d 137, 139-40 (2d Cir. 1990). Disclosure of a confidential informant's identity is an "extraordinary remedy."  United States v. Muyet, 945 F. Supp. 586, 602 (S.D.N.Y.1996).  "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity."  United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997).  A defendant is generally provided the identity of an informant "[w]here the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence."  United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988) (quotation omitted).  Thus, the defense must assert both participation by the informant in the offense and relevance of the information sought.  Materiality is not established simply by showing that the confidential informant was

a participant in and a witness to the crime charged.  See United States v. Jiminez, 789 F. 2d

167, 170 (2d Cir. 1986).

     In order to make a particularized showing, the defendant must, at the very least, make

some evidentiary showing demonstrating why the informant's testimony is significant to

determining the defendant's guilt or innocence. See United States v. Jimenez, 789 F.2d 167,

170 (2d Cir. 1986).  The Second Circuit has stated that "(t)he defendant bears the burden of

establishing the need for disclosure, . . . and this requires some demonstration that in the

absence of such disclosure the defendant will be denied a fair trial." United States v. Lilla,

699 F.2d 99, 105 (2d Cir. 1983); see also United States v. Manley, 632 F.2d 978, 985 (2d Cir.

1980); United States v. Estrella, 567 F.2d 1151, 1153 (1st Cir. 1977).   A defendant is not

entitled to disclosure of an informant's identity or related information in a fishing expedition.

See in re United States, 565 F.2d 19, 23 (2d Cir. 1977) ("(d)isclosure should not be directed

simply to permit a fishing expedition . . . or to gratify the moving party's curiosity or

vengeance"); Cannone, 528 F.2d at 301-02 (2d Cir. 1975); United States v. Marshall, 526 F.2d

1349, 1359 (9th Cir. 1975), cert. denied, 426 U.S. 923 (1976) ("mere suspicion that the

informer may be helpful to the defense is not sufficient to overcome the public interest in

protecting the informer's identity"); United States v. Kelly, 449 F.2d 329, 330 (9th Cir. 1971),

("[m]ere speculation that an informer may be of some help is not sufficient to overcome the

public interest in the protection of the informer").

     The defendant has not satisfied his burden of showing a "particularized need" for the

disclosure of the informants' identities.  Particularly in the absence of any such showing and

given the drug-related nature of the charges in this case, the government's interest in protecting the confidential informants' safety certainly outweighs the defendant's generalized and unsupported statement of need to learn the informants' identities. Jimenez, 789 F. 2d at 170; see also United States v. Taylor, 707 F. Supp. 696, 703 (S.D.N.Y. 1989) ("Especially in narcotics cases, where the dangers of witness intimidation, subornation of perjury or actual injury to witnesses are great, the defendant's request for a witness list should not be granted absent a particularized showing of need.").

### THE DEFENDANT'S REQUEST FOR DISCLOSURE OF HIS STATEMENTS

The defendant made statements to HSI Special Agents the day of his arrest at 224 Summer Street, Buffalo NY, which statements were documented in the criminal complaint affidavit (20-MJ-5086) and provided at the defendant's initial appearance[1]. The government respectfully directs the defendant to the criminal complaint affidavit, ¶¶ 7-9, for spontaneous statements made by the defendant during the initial entry and search. These statements were not in response to law enforcement questioning or interrogation and, accordingly, the defendant's request to move to suppress the defendant's statements "at a future date" (see Dkt. 8, at ¶ 74) should be denied. The defendant also made statement to Special Agent Marilyn Halliday that were spontaneous and not in response to law enforcement questioning or interrogation (in fact, it was the defendant asking SA Halliday questions) which are detailed in the transcript from the defendant's detention hearing (on 20-CR-104-A) at page 42, lines 9-17.

---

[1] This refers to the Criminal Complaint and Initial Appearance underlying Superseding Indictment 20-CR-104-A.

## VIII.   THE DEFENDANT'S REQUEST FOR LEAVE TO MAKE FURTHER MOTIONS

The defendant will be able to raise legal issues before trial to the extent the issues are not stale under Rule 12(b).  However, the defendants ask for blanket, open-ended permission to make any additional motion he may later choose to make whenever he chooses to make it. As it stands, the defendant has already made numerous motions, each with multiple sub-categories, in this omnibus motion.  The Court should deny the motion, without prejudice. See Fed. R. Crim. P. 12(b).  The law does not permit a defendant to hold in reserve any argument he or she chooses, for whatever reason he or she chooses, until a time that he or she chooses.

To the extent that a defendant later establishes good cause for a failure timely to make a pretrial motion, the United States will not oppose a request for the additional motion, if there is merit to the motion.  Nevertheless, the Court should not excuse the defendant, in advance, of the requirement that they show good cause for making a late pretrial motion.

## IX.   RULE 12 NOTICE

The government has previously notified, and does so again here, the defendant of its intention to use all evidence the defendant has been provided, that has been made available, or that the defendant has been made aware of, during its case in chief at trial.

## X.   GOVERNMENT'S REQUEST FOR RECIPROCAL DISCOVERY

To date, the government has not received any discovery from the defendant although the government has provided Rule 16 discovery voluntarily. Pursuant to Rule 16(b) of the

Federal Rules of Criminal Procedure, the government hereby requests reciprocal discovery. Specifically, the government requests that it be allowed to inspect and copy books, papers, documents, photographs, tangible objects, or copies of portions thereof which are within the possession, custody or control of the defendant in which the defendant intends to introduce as evidence-in-chief at the trial. Additionally, the government requests to inspect and copy any results or reports of physical or mental examinations and/or of scientific tests or experiments made in connection with this case within the possession or control of the defendant which the defendant intends to introduce as evidence-in-chief at the trial or which was prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness's testimony. As of this date, defendant has not provided any reciprocal discovery to the government.

Pursuant to Fed. R. Evid. 807, the government also requests advance disclosure of any statement(s) the defendant proposes to utilize at a trial of this matter. In the absence of any opposition by the defendant, it is respectfully requested that the relief sought, consistent with Fed. Rule of Crim. P. 16 and Fed. Rules of Evid. 807 be granted.

The government specifically reserves its right to file any necessary Memorandums of Law with respect to any factual or legal issues developed during argument on the instant motions and to respond to any motions or requests to which the defendant has requested leave to file or reserved.

## **CONCLUSION**

For all the foregoing reasons, the defendant's motions should be denied in their entirety.

DATED:  Buffalo, New York, May 28, 2021.

JAMES P. KENNEDY, JR.
United States Attorney

BY:     s/NICHOLAS T. COOPER
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5830
        Nicholas.Cooper@usdoj.gov