UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          v.

JOSEPH BELLA,

                 Defendant.

1:20-CR-00104 – RJA-MJR
1:21-CR-00031 – RJA-MJR

REPORT, RECOMMENDATION
AND ORDER

These matters were referred to this Court by the presiding District Judge, the Honorable Richard J. Arcara, pursuant to 28 U.S.C. §636(b)(1), to handle all pre-trial matters and to make a recommendation as to all suppression motions. Before the Court are defendant Joseph Bella's motions to suppress evidence, as well as his omnibus discovery demands.[1] (20-CR-104, Dkt. Nos. 23, 27, 42; 21-CR-31, Dkt. No. 8). Also before the Court are the Government's requests for reciprocal discovery. (20-CR-104, Dkt. Nos. 25, 29, 43; 21-CR-31, Dkt. No. 12).

For the following reasons, it is recommended that defendant's motion to suppress evidence be denied. The Court's decisions as to defendant's omnibus discovery demands and the Government's request for reciprocal discovery are also set forth in detail below.

---

[1] Although the captioned cases are not joined in one indictment, the Court will address both matters together because there is significant overlap in defendant's pretrial motions in each case. In the latter 21-CR-31 case, defendant renewed his prior motion for suppression and incorporates his arguments from the 20-CR-104 case.

## PROCEDURAL HISTORY AND BACKGROUND

On July 23, 2020, defendant was charged, in a three-count Indictment, with the following: (1) maintaining a drug-involved premises at 224 Summer Street, Buffalo for the purposes of manufacturing, distributing, and using marijuana, delt9-tetrahydrocannabinol, cannabinol, 3,4-methylenedioxymethamphetamine (MDMA), psilocybin, cocaine, and lisdexamfetamine, in violation of Title 21, United States Code, Section 856(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 21, United States Code, Section 924(c)(1)(A)(i); and (3) possession of a firearm and ammunition by an unlawful user of controlled substances, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2) (the "Drug Trafficking Indictment"). (20-CR-104; Dkt. No. 8). This Indictment also includes a forfeiture allegation encompassing a 12-gauge Harrington and Richardson shotgun, ten 12-gauge rounds of Remington ammunition, thirty-three 9mm Luger caliber rounds of ammunition, and forty .223 REM caliber rounds of ammunition. (*Id.*)

On December 16, 2020, defendant moved to suppress evidence gained pursuant to search warrants, and made various discovery demands. (*Id.*, at Dkt. No. 23). The Government filed a response. (*Id.*, at Dkt. No. 25). On January 11, 2021, the Court held oral argument on the motions, at which time the Government was directed to supply defense counsel with a redacted copy of the search warrant application. Defendant was also given an opportunity to supplement his motions or affidavit of standing. Defendant filed a supplemental motion on February 2, 2021 providing additional support for his motion to suppress, to which the Government responded. (*Id.*, at Dkt. Nos. 27, 29).

On February 25, 2021, a Superseding Indictment was returned, charging defendant with the following offenses: 1) three counts of possession with intent to distribute and distribution of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); (2) maintaining a drug-involved premises at 224 Summer Street, Buffalo for the purposes of manufacturing, distributing, and using marijuana, delt9-tetrahydrocannabinol, cannabinol, 3,4-methylenedioxymethamphetamine (MDMA), psilocybin, cocaine, and lisdexamfetamine, in violation of Title 21, United States Code, Section 856(a)(1); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 21, United States Code, Section 924(c)(1)(A)(i); (4) possession of a firearm and ammunition by an unlawful user of controlled substances, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2); and (4) two counts of interstate communication threatening to injure a person, in violation of Title 18, United States Code, Section 875(c) (the "Superseding Drug Trafficking Indictment"). (*Id.*, at Dkt. No. 30). The Superseding Indictment repeats the forfeiture allegations detailed above. (*Id.*).

Also on February 25, 2021, defendant was charged by separate Indictment with the following offenses: (1) three counts of wire fraud relative to a scheme and artifice to defraud and mislead a victim into selling COVID-19 tests, in violation of Title 18, United States Code, Sections 1343 and 2; (2) two counts of mail fraud relative to COVID-19 tests, in violation of Title 18, United States Code, Sections 1341 and 2; (3) two counts of wire fraud relative to a scheme and artifice to defraud the Small Business Administration ("SBA") to obtain funds from the Economic Injury Disaster Loan ("EIDL" Program), in violation of Title 18, United States Code, Sections 1343 and 2; (4) false statements on a loan application relative to obtaining an EIDL, in violation of Title 18, United States Code,

Sections 1014 and 2; and (5) money laundering, in violation of Title 18, United States Code, Sections 1957(a) and 2 (the "Fraud Indictment"). (21-CR-31, Dkt. No. 1). This Indictment also includes two forfeiture allegations encompassing monetary sums and bank and investment accounts held in the names of Med-Cor Staffing, Inc. and Tatonka Industries LLC. (*Id.*).

On May 7, 2021, defendant filed his second omnibus motion based upon the Superseding Drug Trafficking Indictment (20-CR-104, Dkt. No. 42), as well an omnibus motion on the Fraud Indictment (21-CR-31, Dkt. No. 8). The Government filed responses to each. (20-CR-104, Dkt. No. 43; 21-CR-31, Dkt. No. 12). The Court scheduled oral argument as to all pending motions with respect to the Drug Trafficking Indictment and the Fraud Indictment to be held on August 13, 2021. On that date, the parties advised the Court that they wished to rest on their papers and the Court considered the matters submitted.

## DISCUSSION

### Motion to Suppress Physical Evidence

Defendant moves to suppress physical evidence, and any derivative evidence, that resulted from the search of his residence at 224 Summer Street, Buffalo, New York, his place of business at 155 Summer Street, Buffalo, New York and/or his person on April 23, 2020, and thereafter, on the grounds that the federal search warrants authorizing such searches were not supported by probable cause. (20-CR-104, Dkt. Nos. 23, pgs. 22-25, 27, pgs. 2-7, 42, pgs. 23-26; 21-CR-31, Dkt. No. 8, pgs. 23-24). The Court finds no basis to suppress this evidence.[2]

---

[2] The Court notes that no hearing is needed to determine the validity of the search warrant at issue here. *See Franks v. Delaware*, 438 U.S. 154 (1978). There has been no showing that the search warrant

Defendant submitted an affidavit asserting standing to challenge these searches. (Dkt. No. 23-1). Therein, defendant affirms that the locations searched were his residence at 224 Summer Street, his place of business at 215 Summer Street, and his vehicle. He asserts that he had a reasonable expectation of privacy in each of those places. The Government does not contest defendant's standing to challenge the search of his home or vehicle but maintains that defendant has not shown standing to challenge the search at 155 Summer Street. The Government argues that defendant's mere allegation that 155 Summer Street was his place of business is insufficient to demonstrate that he had a reasonable expectation of privacy there. *See Rakas v. Illinois*, 439 U.S. 128, 134 (1978) (holding that the proponent of a motion to suppress bears the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure); *United States v. Osorio*, 949 F.2d 38, 40 (2d Cir. 1991) ("The movant must show that he had an expectation of privacy in an invaded place and that the expectation was legitimate, one that society is prepared to recognized as reasonable."). Here, defendant asserts that he had a reasonable expectation of privacy in 155 Summer Street merely because that is where he "run[s] his business." (Dkt. No. 23-1, ¶ 3). It is well established that one has standing to object to a search of his office, as well as of his home, *Mancusi v. DeForte*, 392 U.S. 364, 369 (1968), but defendant here fails to provide factual details necessary for the Court to evaluate what privacy defendant enjoyed within some or all of the business premises, including to what extent the locations searched were accessible to

---

application contained any materially false statement that was included knowingly, intentionally, or with reckless disregard for the truth.

other persons. Nonetheless, the Court will assume, without holding, that the defendant has established standing in both locations and will address his arguments on the merits.

A search warrant issued by an impartial magistrate is presumptively valid. *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993). Where, as here, the Court is reviewing the probable cause determination of an independent magistrate, it asks solely "whether the issuing judicial officer had a substantial basis for the finding of probable cause." *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993). Doubts regarding the existence of probable cause should be resolved in favor of upholding the search warrant. *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983); *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (deference is to be given to the issuing magistrate).

The searches were executed pursuant to federal search warrants issued for 224 Summer Street and 155 Summer Street on April 22, 2020, and for 37 electronic devices (phones, computers, drives, servers, etc.) on June 10, 2020. The warrant to search the electronic devices was based upon the premises searches that occurred on April 23, 2020 and related to devices seized at those locations. The instant search warrant applications were supported by the affidavits of Special Agents Curtis E. Ryan and Adam P. Tyrna, respectively, of Homeland Security Investigations.

The Court has reviewed the search warrant applications and finds that there was a substantial basis for the probable cause finding in each. Specifically, the Court rejects defendant's arguments that the warrants lack probable cause because they (1) were "based upon confidential sources that provided stale, hearsay, and incredible information dating back to 2016," (2) were constitutionally overbroad, and (3) were based upon inaccurate information. To the contrary, the warrant affidavits were well supported by

factual allegations which established probable cause to believe the items, information, or evidence sought would be found in the places searched.

Defendant first asserts that the warrant applications were based on information from confidential sources that was stale, hearsay, and incredible. Defendant provides no further context, let alone sworn statements evidencing personal knowledge, to demonstrate that there were any inaccuracies in the information provided by confidential source(s). As to the staleness argument, although some of the observed criminal activity dates back to 2016 and 2018, the affidavit explicitly alleges a pattern of ongoing criminal activity. *See United States v. Ortiz*, 143 F.3d 728, 732-33 (2d Cir. 1998) ("when the supporting facts present a picture of continuing conduct or an ongoing activity…the passage of time between the last described act and the presentation of the application becomes less significant."). Indeed, defendant's fraudulent activity regarding Covid-19 test kits was observed as recently as April 22, 2020, two days before the premises warrant was issued.

Defendant next asserts that the warrants were constitutionally overbroad in permitting searches of both premises and all electronic devices when the allegations of wire fraud related only to sale of "real Covid-19 laboratory tests" unrelated to defendant's residence. "When a warrant is challenged as overbroad, the issue is whether there existed probable cause to support the breadth of the search that was authorized." *United States v. Dinero Express, Inc.*, 2000 U.S. Dist. LEXIS 2439, at *25 (S.D.N.Y. Mar. 6, 2000) (citation omitted). The probable cause analysis is based on the totality-of-the-circumstances, with the task of the issuing magistrate to "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit

before him [...] there is a fair probability that contraband or evidence of a crime will be found in a particular place." *See Gates*, 462 U.S. at 238.

Here, the search warrants were plainly supported by probable cause sufficient to justify the search of defendant's residence and business for evidence of drug trafficking and fraud, as well as to search electronic devices and records that were likely to contain evidence of such crimes. Each warrant application contained a detailed affidavit laying out the investigation into defendant's drug-related activities, participation in organized criminal conspiracies, and fraudulent sale of Covid-19 test kits. The links between the wire fraud allegations and the MedCor business at 215 Summer Street are clear. The connections between defendant's home and the illegal activity are also present. Agent Ryan attested to the fact that, from his training and experience, individuals involved in fraudulent activity and trafficking of controlled substances often keep money and records associated with such activities in their residence. Further, defendant's offer of sale of the test kits was observed via his personal Facebook account which was linked to his MedCor email address. The domain registration for the MedCor website is billed to defendant at his home address of 224 Summer Street. A confidential source also stated he or she observed drug activity inside defendant's residence. Thus, the breadth of the warrants issued for defendant's place of business, residence, and electronic devices was appropriate.

Finally, defendant's argument that the warrants were based on inaccurate information is also unsupported. He asserts that the affidavits stated he had multiple prior felony convictions. To the contrary, the affidavits list defendant's past known criminal history and involvement in fraudulent and illicit activity but include no references to

defendant having "multiple felonies." To this point, it is noted that defense counsel admitted at defendant's detention hearing that defendant does indeed have at least one prior felony conviction. Defendant also asserts that the electronic device warrant application inaccurately stated that approximately two ounces of cocaine was found in defendant's residence, when less than four grams of cocaine and "personal use quantities" of other controlled substances were actually found. Again, the Court's review of the affidavit defeats defendant's argument. In fact, the application to search defendant's electronic devices clarified that "the 63.2 grams of suspected cocaine" recovered from defendant's residence is "now believe[d] to be cutting agent [and] all other controlled substances submitted to the laboratory that have been analyzed have confirmed the presence of controlled substances as reference in the attached Criminal Complaint." In sum, the Court observes no material inaccuracies within the warrant affidavits.

Moreover, the Court finds that even if the search warrants had been issued without sufficient probable cause, which they were not, the good faith exception to the exclusionary rule would prevent suppression here. In *United States v. Leon*, the Supreme Court held that the exclusionary rule does not apply where "an officer acting with an objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." 468 U.S. 897, 918-21 (1984). The good faith exception does not apply where: (1) the issuing magistrate was knowingly misled; (2) the issuing magistrate knowingly abandoned their judicial role; (3) the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; or (4) the warrant is so facially

deficient that reliance upon it would be unreasonable. *Id.* at 923. The record here is wholly devoid of evidence that any exception to *Leon* would apply in this case.

For these reasons, the Court recommends that defendant's motion to suppress evidence recovered from his residence and place of business be denied in its entirety.

## Omnibus Discovery Demands[3]

### Bill of Particulars

Defendant requests a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. (20-CR-104, Dkt. No. 42, pg. 3; 21-CR-31, Dkt. No. 8, pg. 3). Specifically, defendant seeks particularization as to the exact dates of the alleged offenses, what conduct or statements manifested defendant's alleged intent or knowledge, and, as to the Drug Trafficking Indictment, what was the actual amount of contraband possessed, and the manner in which the alleged premises were drug involved. (*Id.*).

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (S.D.N.Y. 2003). In

---

[3] This section addresses all omnibus discovery demands filed by defendant with respect to both the Drug Trafficking Indictment and the Fraud Indictment. (20-CR-104, Dkt. Nos. 23, 27, 42; 21-CR-31, Dkt. No. 8).

determining whether a bill of particulars is warranted, a court is to consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to defendants." *United States v. Shoher*, 555 F. Supp. 346, 349 (S.D.N.Y. 1983). It is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars. *United States v. Torres*, 901 F.2d 205234 (2d Cir. 1990). Further, a defendant is not generally entitled to receive details of the government's conspiracy allegations through a bill of particulars. *United States v. Wilson*, 493 F. Supp. 2d 364, 372 (E.D.N.Y. 2006).

The charges here are neither complex nor difficult to understand. The Superseding Drug Trafficking Indictment alleges that defendant possessed with intent to distribute cocaine and possessed various other controlled substances. It also alleges that defendant is a user of controlled substances who maintained a drug-involved premises at 224 Summer Street, Buffalo and possessed a firearm and ammunition in furtherance of his drug trafficking activities. Lastly, it alleges that, on two specified dates, defendant used Facebook to threaten to injure two separate victims. The Fraud Indictment alleges that defendant owned and operated two companies through which he engaged in fraud and money laundering. Defendant is accused of falsely representing that one company, Medcor Staffing, Inc., was a laboratory capable of processing COVID-19 test kits to trick a victim into selling such tests to Medcor. It is also alleged that defendant devised a scheme to defraud persons into purchasing COVID-19 tests by falsely representing that Medcor was authorized to distribute those tests. Defendant is further accused of defrauding the Small Business Administration to obtain funds from the EIDL program by falsely representing the eligibility status, revenue, and cost of goods sold by another

company, BuyMyCard LLC. Lastly, it is alleged that defendant engaged in, or attempted to engage in, money laundering through two internet banking transfers totaling $135,000.

Further, defendant has been provided substantial discovery in this matter including, *inter alia*, search warrant applications and returns, law enforcement documents, screenshots of messages constituting the interstate threats, reports documenting defendant's statements to law enforcement, lab reports regarding testing of evidence, phone records, recordings (and transcripts) of defendant negotiating the sale of the COVID-19 test kits, copies of contracts and other documents related to defendant's acquisition of the test kits, bank records, documents surrounding defendant's applications for EIDL loans, copies of Facebook posts and email transmissions, and reports of investigation detailing the investigative process. In addition, a criminal complaint filed prior to the Drug Trafficking Indictment provides defendant with additional information regarding the drug trafficking and firearms charges.

Considering the allegations in the Indictments, in conjunction with the criminal complaint and the materials produced in discovery, the Court finds that defendant has been provided with sufficient information to inform him of the charges against him, prepare a defense, avoid surprise at trial, and ensure against double jeopardy. The additional details sought in the omnibus motions amount to an attempt to use a bill of particulars as a discovery device. *See e.g., United States v. Biaggi*, 675 F. Supp. 790, 809 (S.D.N.Y. 1987) (defendants request for "each alleged date, time, person present, place, nature of conversation [and] amount" is an "impermissible attempt to compel the Government to provide evidentiary details of its case."); *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) (A bill of particulars is "not to be used as a general

investigative tool for the defense, as a device to compel the disclosure of the Government's evidence or its legal theory prior to trial, or to foreclose the Government from using proof it may develop as the trial approaches."). For these reasons, defendant's request for a bill of particulars is denied.

### Rule 16 Discovery

Defendant moves for discovery and inspection pursuant to Federal Rule of Criminal Procedure 16. (20-CR-104, Dkt. No. 42, pgs. 2-13; 21-CR-31, Dkt. No. 8, pgs. 2-12). Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the Government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the Government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the Government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Fed. R. Evid. 702, 703 and 705. *See* Fed R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal Government documents made by an attorney for the Government or other Government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Defendant's Rule 16 requests include, *inter alia*, affidavits and information supporting all search warrants applications,[4] all physical evidence seized in connection

---

[4] During oral argument on January 11, 2021, the Court granted defendant's request in part and directed the Government to provide a redacted copy of the warrant application seeking authorization to search

with this case; photographs; any and all written, recorded or oral statements; a copy of defendant's prior criminal record; books, papers, documents, data, and any written or recorded evidence material to the defense; the reports or results of any physical or mental examinations, scientific experiments or laboratory reports; and a written summary of any testimony the Government plans to introduce as evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. Defendant also requests written notification, pursuant to Federal Rule of Criminal Procedure 12(b)(4), of any evidence the Government intends to introduce at trial during its case in chief.

The Government responds that it has provided all discovery required by Rule 16 to defendant or made such discovery available to inspection by defense counsel, including the items above in relation to defendant's request for a bill of particulars. (20-CR-104, Dkt. No. 43, pgs. 22-25; 21-CR-31, Dkt. No. 12, pgs. 8-11). The Government objects to defendant's requests for statements of uncharged co-conspirators, transcripts of grand jury testimony other than that of defendant, hearsay evidence, lab report notes, and law enforcement documents as outside the scope of Rule 16 discovery. The Government states that it intends to use all items of evidence that defendant has been provided with or made aware of in accordance with Federal Rule of Criminal Procedure 12(b)(4)(A).

Based upon the representations made by the Government in their written responses and during oral argument, defendant's request for discovery pursuant to Rule

---

defendant's residence and place of business. Defendant supplemented his motion to suppress based on that disclosure. (20-CR-104, Dkt. No. 27). Defendant's renewed request for disclosure of the unredacted search warrant application is denied based on the Government's representation that the withheld information relates to ongoing criminal investigation and sensitive witness information. *See United States v. Pirk*, 282 F. Supp. 3d 585, 602 (W.D.N.Y. 2017) (finding that the Government's stated need to maintain confidentiality due to the ongoing nature of its investigation is a legitimate basis to justify maintaining the sealing of significant portions of a search warrant affidavit).

16 is denied as moot. The Government is reminded that its disclosure obligations pursuant to Rule 16 and its notice obligations pursuant to Rule 12 continue up through and during trial. *See* Fed. R. Crim. P. 16(c) and 12(b)(4)(A). Finally, the Government is expected to comply with all requirements in Rule 16, Federal Rules of Evidence 702, 703, and 704, and the District Judge's pretrial order as they apply to expert testimony.

### *Rule 404(b) and Impeachment Evidence*

Defendant moves for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (20-CR-104, Dkt. No. 42, pg. 13; 21-CR-31, Dkt. No. 8, pgs. 11-12). Defendant also moves for pretrial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id.*). The Government states that it will disclose any evidence in its possession which might fall under the ambits of Rules 404(b), 608, and 609 in accordance with the District Court's pretrial order. (20-CR-104, Dkt. No. 43, pgs. 25-27; 21-CR-31, Dkt. No. 12, pgs. 11-13). The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Based upon the Government's representation that it will disclose Rule 404(b) evidence and impeachment evidence when required to do so by the District Court, defendant's motion is denied as moot. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608 and 609 is left to the determination of the District Judge at the time of trial.

### *Disclosure of Brady/Giglio Material*

Defendant moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to *Brady*, *Giglio* and their progeny. (20-CR-104, Dkt. No. 42, pgs. 13-

20; 21-CR-31, Dkt. No. 8, pgs. 13-20). The Government has an obligation to disclose exculpatory material, or material favorable to an accused as to either guilt or punishment, even when no affirmative request has been made. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Material "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the defendant, but also information that impeaches the credibility of Government witnesses. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Evidence may be material for *Brady* purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence. *United States v. Gill*, 297 F.3d 93, 104 (2d Cir. 2002). "[A]s a general rule, Brady and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). "[A]s long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner." *Id.* at 144.

The Government responds that it is aware of its obligations and responsibilities under *Brady* and *Giglio* and acknowledges its continuing duty to produce such material, if and when it is made aware of it. (20-CR-104, Dkt. No. 43, pgs. 27-30; 21-CR-31, Dkt. No. 12, pgs. 13-16). Given the Government's representations and for the reasons just stated, defendant's motion to compel the production of *Brady/Giglio* material is denied as moot. The Government is reminded of its continuing *Brady* obligations and, consistent with *Coppa*, the Government shall timely disclose any *Brady* and *Giglio* material to

defendant. *See United States v. Padovani*, 14-CR-00224, 2016 WL 5402696, at \*4 (W.D.N.Y. Sept. 28, 2016).

### Early Disclosure of Jencks Act Material

Defendant requests the disclosure of all Government witness statements and reports no less than 48 hours prior to trial in this case. (20-CR-104, Dkt. No. 42, pgs. 21-23; 21-CR-31, Dkt. No. 8, pgs. 21-22). The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the government, on motion of defendant, disclose a government witness's prior statements that are in the government's possession and relate to the subject matter of the witness's direct testimony ("3500 material"). *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material in accordance with the District Court's pretrial order. (20-CR-104, Dkt. No. 43, pgs. 30-31; 21-CR-31, Dkt. No. 12, pg. 16). In light of these representations, defendant's request for disclosure of witness statements is denied as moot.

*Informant Identities*

Defendant requests the names and addresses of any Government informants, as well as relevant impeachment material. (20-CR-104, Dkt. No. 42, pg. 23; 21-CR-31, Dkt. No. 8, pg. 23). The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. *See Rovario v. United States*, 353 U.S. 53, 60-62 (1957). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is significant to determining defendant's guilt or innocence. *See United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (defendants face a "heavy burden" of establishing that disclosure is essential to the defense). Here, defendant makes no showing as to how disclosure of informant identities is significant or essential to his defense. If and when informants are to be called as witnesses at trial, defendant will have access to their identities as well as all relevant impeachment material, prior statements and notes of their interviews. In addition, should informants reveal exculpatory information at any time, the Government has an ongoing duty to disclosure this information in time for its effective use at trial. For these reasons, defendant's request for pre-trial disclosure of informant information is denied.

*Disclosure of Statements*

Defendant requests that the Government disclose any statements made by defendant to law enforcement along with their intentions to introduce such statements at trial. (20-CR-104, Dkt. No. 42, pg. 25; 21-CR-31, Dkt. No. 8, pg. 24). Defendant also seeks leave to challenge the admissibility of any such statements at a future date. (*Id.*). The Government responded by providing notice that defendant made spontaneous

statements to Homeland Security Investigation agents on the day of his arrest at 224 Summer Street. (20-CR-104, Dkt. Nos. 25, pg. 28, 43, pg. 28; 21-CR-31, Dkt. No. 12, pg. 19). Those statements were documented in the criminal complaint and provided at defendant's initial appearance. The Government further advises that defendant made spontaneous statements to Special Agent Marilyn Halliday which are detailed in the transcript of defendant's detention hearing. Since the time he was advised of these statements, defendant has had two opportunities to supplement his pretrial motions. However, he has not provided any basis to suppress this evidence. Accordingly, defendant's motion request for disclosure and for leave to seeking a hearing on this issue at a later date is denied.

### Leave to Make Additional Motions

Defendant moves to reserve the right to make further motions as necessary. (20-CR-104, Dkt. No. 42, pg. 27; 21-CR-31, Dkt. No. 8, pg. 24). To the extent that defendant intends to bring motions based upon new information or evidence that has not yet been disclosed, his request for leave to file additional motions is granted. To the extent that defendant intends to bring motions concerning issues that could have been raised prior to the previous motion deadline, defendant's request is denied without prejudice to bring the motion upon a showing of good cause for the untimely filing.

### Government's Request for Reciprocal Discovery

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of the defendant and

which the defendant intends to introduce as evidence at trial, as well as the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case. (20-CR-104, Dkt. No. 43, pgs. 35-36; 21-CR-31, Dkt. No. 12, pgs. 20-21). The Government also requests advance notice of any statement defendant intends to use at trial pursuant to Rule 807 of the Federal Rules of Evidence and a summary of any testimony defendant intends to use at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. (*Id.*) The Government's motion for reciprocal discovery is granted, and defendant is reminded that his disclosure obligations continue up through and during trial.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant Joseph Bella's motion to suppress evidence be denied. (20-CR-104, Dkt. Nos. 23, 27, 42; 21-CR-31, Dkt. No. 8). Defendant's omnibus discovery demands are decided in the manner detailed above and the Government's request for reciprocal discovery is granted. (20-CR-104, Dkt. No. 43; 21-CR-31, Dkt. No. 12).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Arcara, any objections to the recommendation portion of this Report, Recommendation and Order must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 59(b), 45(a), and 45(c) of the Federal Rules of Criminal Procedure, and Local Rule of Criminal Procedure 59. Any requests for an extension of this deadline must be made to Judge Arcara.

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED**.

Dated:  August 27, 2021
        Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge